```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                         ROCK HILL DIVISION
```

Ras. Stefen E. Harris,                      )
                                            )
                    Plaintiff,              )    C.A. No. 0:15-4173-HMH-PJG
                                            )
          vs.                               )    **OPINION & ORDER**
                                            )
Warden Eagleton; Asso. Warden Bradshaw;     )
Chaplain Wilks; Capt. Kelly; Director       )
Byars, being sued in their individual and   )
official capacities as an employee in the   )
scope of official duties and Public Duty    )
Rule; S.C. Dept. of Corrections, being sued )
as an agency,                               )
                                            )
                    Defendants.             )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Ras. Stefen E. Harris ("Harris"), a state prisoner, proceeding pro se, alleges several claims against the Defendants, the crux of which appears to be a 42 U.S.C. § 1983 retaliation claim.  In her Report and Recommendation, Magistrate Judge Gossett recommends granting the Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Harris is currently incarcerated at the Kershaw Correctional Institution ("KCI"), a South Carolina Department of Corrections ("SCDC") facility.  Harris was formerly housed at the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Turbeville Correctional Institution ("TCI"), another SCDC facility in which the alleged conduct occurred. In his complaint, Harris raises claims regarding his right to exercise his religion. Specifically, Harris alleges that he and three other inmates applied and were approved to establish a Rastafarian worship service, but that his subsequent "lock up" and transfer from TCI to KCI were in retaliation for him practicing his Rastafarian faith. (Not. Removal Ex. 1 (Compl.), ECF No. 1-1.)

Harris filed his complaint on May 1, 2015, in the Court of Common Pleas for Richland County, South Carolina. (Id. Ex. 1 (Compl.), ECF No. 1-1.) On October 8, 2015, the Defendants removed the case. (Id., ECF No. 1.) The Defendants filed a motion for summary judgment on February 12, 2016. (Def. Mot. Summ. J., ECF No. 27.) On May 16, 2016, Harris responded in opposition. (Pl. Resp. Opp'n Mot. Summ. J., ECF No. 34.) The Defendants replied on June 6, 2016. (Reply Supp. Mot. Summ. J., ECF No. 49.) The magistrate judge filed her Report and Recommendation on July 13, 2016, recommending the Defendants' motion for summary judgment be granted. (Report & Recommendation 1, 12, ECF No. 57.) On August 3, 2016, Harris filed objections. (Objections, ECF No. 59.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

### B. Objections

Harris filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that most of Harris's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections.

First, Harris objects to the magistrate judge's recommendation, because he alleges it is based on hearsay referenced in the affidavit of Defendant Linda Bradshaw ("Bradshaw"). (Objections 1-3, ECF No. 59.) However, upon review, Bradshaw's affidavit is her sworn testimony of the underlying facts, and does not contain hearsay. For example, Harris objects to Bradshaw's statement in her affidavit that she "received verbal complaints about Harris from other inmates." (Def. Mot. Summ. J. Ex. 2 (Bradshaw Aff. ¶ 22), ECF No. 27-2.) However, this statement is not hearsay, because it is not offered for "the truth of the matter asserted." Fed. R. Evid. 801(c)(2). Rather, this statement is offered for the limited purpose of explaining the government's legitimate penological interest in transferring Harris from TCI to KCI. See United States v. Wackman, No. 08-4435, 2010 WL 23056, at *2 (4th Cir. Jan. 4, 2010) (unpublished) (citing United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985)). Based on the foregoing, Harris's objection is without merit.

Second, Harris objects to the magistrate judge's finding that he failed to establish a prima facie case of retaliation. (Objections 3, ECF No. 59.) The magistrate judge, citing Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994), noted that bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. (Report & Recommendation 4, ECF No. 57.) However, in his objections, Harris again failed to provide any evidence or factual allegations that support his conclusory assertion of retaliation. Thus, the court finds that Harris failed to establish a prima facie case of retaliation. Based on the foregoing, Harris's objection is without merit.

Lastly, Harris objects to the magistrate judge's finding that Defendant SCDC, as an agency of the state, is not a person within the meaning of § 1983 and thus not a proper defendant.

(Objections 5, ECF No. 59; Report & Recommendation 10, ECF No. 57.)  More specifically, Harris argues that because SCDC is a recipient of federal funds, it is subject to suit under § 1983.  (Objections 5, ECF No. 59.)  However, contrary to Harris's assertion, even if agencies of the state receive federal funds, such agencies are not persons within the meaning of § 1983.  See, e.g., Roach v. Burke, 825 F. Supp. 116, 118 (N.D. W. Va. 1993) (finding that a correctional facility that was funded in large part by state and federal funds was in effect the "state" of West Virginia and thus not a "person" subject to suit under § 1983).  Based on the foregoing, Harris's objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, docket number 27, is granted.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
August 12, 2016

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.